No. PD-1095-15

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS AT AUSTIN

ADAM BROOKS,
PETITIONER

VS.

THE STATE OF TEXAS,
APPELLEE

PETITIONED FROM THE COURT OF APPEALS
TENTH DISTRICT OF TEXAS
10-13-00409-CR

ON APPEAL FROM THE COUNTY COURT AT LAW NO. ONE
BRAZOS COUNTY, TEXAS
TRIAL COURT CAUSE NUMBER: 11-01734-CRM-CCL1

# PETITION FOR DISCRETIONARY REVIEW

RECEIVED IN
COURT OF CRIMINAL APPEALS

September 24, 2015

ABEL ACOSTA, CLERK

Craig A. Greening
The Law Office of Craig Greening, P.C.
409 E. 26th St.
P.O. Box 152
Bryan, Texas 77806
(979) 779-2000 Telephone
(979) 779-2033 Facsimile
State Bar No. 24025395

1

## REQUEST FOR ORAL ARGUMENT

The questions presented for review concern significant issues and oral argument would be helpful to the Court in making a determination of such issues.

No. PD-1095-15

---

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS AT AUSTIN

ADAM BROOKS,
PETITIONER

VS.

THE STATE OF TEXAS,
APPELLEE

---

## TABLE OF CONTENTS

STATEMENT OF THE CASE...................................................................1

STATEMENT OF PROCEDURAL HISTORY.............................................2

ARGUMENT...........................................................................................4

CONCLUSION.......................................................................................14

PRAYER FOR RELIEF

APPENDIX

    Brooks v. State, No.10-13-00409-CR.............................................
    (Tex.App.—Waco, delivered July 23, 2015)......................................

**Cases**

*Gonzales v. State*, 67 S.W.3d 910 (Tex. Crim. App. 2002) ................................................ 11

*Guzman v. State*, 955 S.W.2d 85 ......................................................................................... 7

*Roquemore v. State,* 60 S.W.3d 862 (Tex. Crim. App. 2001) ............................... 2, 11, 12

*State v. Daugherty*, 931 S.W.2d 268, 270 (Tex.Crim.App. 1996) ................................ 2, 12

*State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006) ............................................ 7

*State v. Dorr*, 2015 Tex. App. Lexis 1495 ....................................................................... 11

*State v. Harrison*, No. 02-1012, 2014 Tex. App. Lexis 5853 at *20 (Tex. App. May 30, 2014). ............................................................................................................................ 10, 11

*State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006) ............................................. 7

*State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) ............................................... 7

*State v. Woehst*, 175 S.W.3d 329 (Tex.App.—Houston [1st Dist.] 2004, no pet.) ........ 3, 12

*Wehrenberg v. State,* 416 S.W.3d 458, 468 (Tex.Crim.App. 2013) ................................ 2, 11

*Wilson v. State*, 311 S.W.3d 452 (Tex. Crim. App. 2010) .............................................. 2, 8

**Statutes**

Tex. Penal Code § 21.08 ...................................................................................................... 1

Tex.Code Crim.Proc.Ann. Art 38.23 (West 2013) ............................................................ 11

**Rules**

TEX.R.APP.P. 66 ................................................................................................................... 1

Tex.R.App.P. 66.3(a) ........................................................................................................... 3

Tex.R.App.P. 66.3(c) ........................................................................................................... 2

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

Now comes, **ADAM BROOKS**, Petitioner in this cause, by and through his attorney of record, Craig A. Greening, and, pursuant to the provisions of TEX.R.APP.P. 66, *et seq.*, moves this Court to grant discretionary review, and in support will show as follows:

**STATEMENT OF THE CASE**

An information was filed against Petitioner on April 7, 2011, alleging Petitioner committed the criminal offense of Indecent Exposure. (CR-7). Tex. Penal Code § 21.08. A suppression hearing was held on May 28, 2013. (CR-100). On June 7, 2013, the trial court denied Petitioner's Motion to Suppress. (CR-100). On November 12, 2013, before the jury trial commenced, the trial court denied the Defendant's renewed Motion to Suppress after reopening the evidence on the Motion. (RR-III, 76). On November 12, 2013, Petitioner entered an oral plea of not guilty, and the guilt-innocence phase of the trial began. (CR-65). On November 14, 2013, the jury found Petitioner guilty of Indecent Exposure. (CR-65). On November 14, 2013, the judge sentenced Petitioner to one hundred twenty (120) days confinement in the Brazos County Jail and a $1,000 fine. (CR-66). Petitioner filed a timely Notice of Appeal on November 14, 2013.

1

(CR-131). On November 15, 2013, the trial court certified Petitioner's right to appeal. (CR-61).

## STATEMENT OF PROCDEDURAL HISTORY

Petitioner presented one (1) issue in his appellate brief to the Court of Appeals. The conviction was affirmed in an opinion not designated for publication. *Brooks v. State* No. 10-13-00409-CR (Tex.App—Waco, delivered July 23, 2015)(Appendix A). This petition is due to be filed on September 23, 2015, and therefore, is timely filed.

## GROUNDS FOR REVIEW

### *Ground For Review One:*

The Court of Appeals erred in finding there was no causal connection between Sergeant Boyett's fabricated lineup and Petitioner's confession, and conflicts with opinions issued by this Court in *Wilson v. State*, 311 S.W.3d 452 (Tex. Crim. App. 2010); *Wehrenberg v. State*, 416 S.W.3d 458 (Tex.Crim.App. 2013); *State v. Daugherty*, 931 S.W.2d 268 (Tex. Crim. App. 1996); and *Roquemore v. State*, 60 S.W.3d 862 (Tex. Crim. App. 2001); Tex.R.App.P. 66.3(c)

### *Ground for Review Two:*

The Court of Appeals erred in finding there was no causal connection between Sergeant Boyett's fabricated lineup and Petitioner's confession, and

2

there is a conflict among the Courts of Appeals. See *State v. Woehst*, 175

S.W.3d 329 (Tex. App.—Houston [1st Dist.] 2004, no pet.); Tex.R.App.P.

66.3(a).

## ARGUMENT

## I. GROUND FOR REVIEW ONE RESTATED: The Court of Appeals erred in finding there was no causal connection between Sergeant Boyett's fabricated lineup and Petitioner's confession.

Rebecca Bosquez made a report on November 4, 2010 about someone masturbating in the parking lot of Post Oak Mall. (RR-III, 56). In February 2011, Bosquez was contacted by the College Station Police Department and admitted she did not see the face of the driver in the green SUV and therefore could not identify the person masturbating. (RR-III, 56).

On February 24, 2011, a security guard with Post Oak Mall named Maria Aguilar called in a suspicious vehicle. (RR-III, 93). Officer Dorsett with the College Station Police Department understood the license plate number on the suspicious vehicle to say "MR ADAMS". *Id.* Officer Dorsett stopped the suspicious vehicle and identified the driver of the vehicle by his driver's license as Adam Lamar Brooks. (RR-III, 94). Officer Dorsett identified five prior calls associated with this license plate. (RR-Supp.1, 28). Mr. Brooks told Officer Dorsett that he was a police officer with the Bryan Police Department. (RR-III, 95). Brooks told Dorsett that he shops the sales and is a frequent shopper at Post Oak Mall. (RR-III, 96). Post Oak Mall

4

requested that a criminal trespass warning be issued to Brooks on that same day. *Id.*

Sergeant Craig Boyett of the College Station Police Department initiated an investigation after he received Officer Dorsett's report regarding the February 24, 2011, incident. (RR-III, 107).

On March 6, 2011, Sergeant Woodward with the College Station Police Department, and Lieutenant Gideon of the Bryan Police Department, met with Bosquez and presented her with a photo lineup. (RR-Supp. 1, 12-13). Petitioner was in position five of this photo spread. (RR-Supp. 1, 13). Bosquez failed to identify anyone out of this photo spread as the driver who was masturbating in the parking lot. Sergeant Boyett decided to make initial contact with Petitioner the next day. (RR-Supp.1, 14). On March 7, 2011, Petitioner met with Sergeant Boyett. *Id.* Prior to the meeting with Petitioner, Sergeant Boyett fabricated a second photo spread. (RR-Supp.1, 15). This second photo spread was dated February 26, 2011, and included "100%" by the person in position one of the spread. (RR-Supp.1, 15-16). Position number one was a picture of Petitioner. (Defendant's Suppression Exhibit 1). A police assistant named Carol Jordan initialed the fabricated photo spread so that the handwriting would look different from Sergeant Boyett's and to make it look like the signature of the witness. (RR-Supp.1, 16). Sergeant Boyett

filled in his part of the second photo spread after Bosquez was interviewed. (RR-Supp.1, 17).

Sergeant Boyett created the second photo lineup so he could tell Petitioner someone had positively identified him and to get Petitioner to confess. (RR-Supp.1, 18). **During cross-examination, Sergeant Boyett admitted to committing the crime of tampering with evidence by creating and using the fake lineup to extract a confession.** (RR-Supp.1, 15-17). Sergeant Boyett showed the second photo spread to Petitioner during their first in-person conversation on March 7, 2011. (RR-Supp.1, 20).

Immediately prior to the confession in this case, Sergeant Boyett showed Petitioner a fabricated photo spread with markings as if someone had identified him with 100% certainty (RR-Supp.1, 15-16), and told him *eleven different times* he was identified. (RR-Supp.1, 19-21).

During a time span of approximately thirteen minutes in the initial in-person interview between Sergeant Boyett and Petitioner on March 7, 2011, Sergeant Boyett told Petitioner **nine times** that a witness had positively identified him from a photo lineup. **Within minutes of the first interview,** Sergeant Boyett called Petitioner on the phone and told him **two more times** he was positively identified. In **less than one hour,** Sergeant Boyett had shown Petitioner a fabricated photo spread and told him **eleven separate**

**times** that a witness identified him. Less than eight minutes after the eleventh mention of the photo spread, Petitioner admits to needing help. (RR-Supp.1, 32) (Defendant's Exhibit 3-2). At this point, Petitioner's confession begins.

## The Trial Court permitted an illegally obtained confession into evidence

*Standard of Review*

A trial court's ruling admitting or excluding evidence is reviewed for an abuse of discretion. *See State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). This means that the ruling will be upheld if it is reasonably supported by the record and is correct under any applicable legal theory. *Id.* The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). If the "trial court makes explicit fact findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings." *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

### A. Sergeant Boyett committed a crime by fabricating a photo spread

In *Wilson,* the Texas Court of Criminal Appeals ruled if an officer violates the law by fabricating a forensic report, the trial judge errs in denying the defendant's motion to suppress. *Wilson v. State,* 311 S.W.3d 452, 454 (Tex. Crim. App. 2010)

Because Sergeant Boyett admitted he fabricated a photo spread during the investigation of Petitioner (RR-Supp.1, 15), Sergeant Boyett violated Section 37.09 of the Texas Penal Code. In fact, Sergeant Boyett admitted to tampering with evidence under oath. (RR-Supp.1, 15-17). Because Sergeant Boyett committed a crime by fabricating the second photo spread, any evidence obtained as a result of this illegal act should be suppressed.

**B. The findings of fact submitted by the trial court are not supported by the record.**

The presiding judge at trial provided a Findings of Fact and Conclusions of Law. The trial judge did not find credible the petitioner's testimony that the fabricated lineup caused him to confess. This is not supported by the record because Petitioner provided uncontroverted testimony that the lineup was a factor in his confession. Petitioner testified during the suppression hearing on November 12, 2013, he confessed because Boyett "showed me the lineup and kept reiterating that I had been identified 100 percent." (RR III, 12-13). Petitioner testified later in the suppression hearing

8

he admitted to the offense because of the lineup. (RR III, 16). Petitioner reiterated during cross-examination by the prosecutor his confession was due to the lineup. (RR III, 18). Although Appellee's brief to the 10th Court of Appeals argued Petitioner confessed because God touched Sergeant Boyett to call back (Appellee's brief, 17), Petitioner's testimony under oath shows otherwise.

Over the course of several phone calls on March 7, 2011, Sergeant Boyett reminds Petitioner of the witness's identification. At several points during these conversations, Petitioner hesitates before responding, as if he is considering whether or not to confess. Boyett again reminds Petitioner the witness picked him out of the lineup, and Petitioner is heard hesitating before Boyett jumps back in and reiterates the lineup identification. (Defendant's Suppression Exhibit #3). This recording continues for several more minutes as Petitioner prepares to leave the police station, and Boyett tells Petitioner he has been identified or picked out of a lineup at least seven more times after Petitioner's initial hesitation. (Defendant's Suppression Exhibit #3).

During the first four minutes of the first call Boyett made to Petitioner after Petitioner left the police station, Boyett mentions the identification at least three times. (State's Exhibit #8). Approximately 17 minutes into the recording, after several calls were dropped, Boyett reminds Petitioner "the girl

9

picked you out of a lineup." (State's Exhibit #8, 17:16). Petitioner can clearly be heard pausing before responding, haltingly, "honestly [pause], I don't know, nothing, I don't know, I mean it's nothing personal." (State's Exhibit #8, 17:18). Thirty seconds later, Petitioner finally says, "anything I done, it wasn't for no one else to see, you understand?" (State's Exhibit #8, 17:50). Because the last words Boyett spoke to Petitioner before Petitioner effectively confessed were about a witness identifying the Petitioner in the lineup and telling Petitioner "you have to help me", then a causal connection clearly existed between Boyett's statements and Petitioner's confession.

The combination of the Petitioner's uncontroverted testimony during the suppression hearing and the recorded statements from March 7, 2011, creates a record that does not support the trial judge's finding of fact that Petitioner's testimony about the causal connection was not credible.

**C. Petitioner's confession was obtained as a result of this crime committed by the police officer.**

Sergeant Boyett admitted he showed the fabricated photo spread to Petitioner during the interrogation, but before Petitioner confessed. Evidence obtained in violation of a law should be suppressed. *See State v. Harrison*, No. 02-1012, 2014 Tex. App. Lexis 5853 at 20 (Tex. App. May 30, 2014).

10

A causal connection between the lineup and the confession exists because before Petitioner confessed to the crime, Sergeant Boyett showed a fabricated lineup to Petitioner and repeatedly told Petitioner that he had been 100% identified by a witness. Texas courts have ruled that evidence is not obtained in violation of the law "if there is no causal connection between the illegal conduct and the acquisition of the evidence." *Gonzales v. State*, 67 S.W.3d 910, 912 (Tex. Crim. App. 2002). See also *Roquemore v. State*, 60 S.W.3d 862 (Tex. Crim. App. 2001). Petitioner testified he confessed to the crime because Sergeant Boyett showed him the fabricated lineup and repeatedly reiterated that a witness positively identified him. (RR-III, 12-13).

Article 38.23 "provides that evidence obtained in violation of any federal or state law may not be admitted against the accused in the trial of a criminal case." *State v. Dorr*, 2015 Tex. App. Lexis 1495, Tex.Code Crim.Proc.Ann. Art 38.23 (West 2013). This court has consistently interpreted that statute to mean evidence obtained in violation of the law should be suppressed. *State v. Harrison* at 20. *Dorr* and *Wehrenberg* hold that evidence is illegally obtained if there is only **some** causal connection between the illegal conduct and the acquisition of evidence. *Dorr* at 4-5, *Wehrenberg v. State*, 416 S.W.3d 458, 468 (Tex.Crim.App. 2013). This

11

court ruled in *State v. Daugherty* that "once the illegality and its causal connection to the evidence have been established, the evidence must be excluded." *State v. Daugherty*, 931 S.W.2d 268, 270 (Tex.Crim.App. 1996). *See also Roquemore v. State* 60 S.W.3d 862, 870 (Tex.Crim.App 2001).

Here, Sergeant Boyett testified that he fabricated a photo lineup for the express purpose of getting Petitioner to confess to the offense. Sergeant Boyett also admitted he told Petitioner multiple times that a witness had identified Petitioner "100%." Additionally, Petitioner provided uncontroverted testimony that he confessed because of the fabricated lineup and repeated statements by Boyett that a witness identified Petitioner. Because Sergeant Boyett admitted to a crime and Petitioner subsequently relied on that crime when making his confession, there is clearly **some** causal connection between the illegal behavior and the obtained evidence. Petitioner has met the burden established by the *Dorr* and *Wehrenberg* cases for the suppression of his statements.

In *State v. Woehst*, the Court of Appeals affirmed the lower court's suppression of the defendant's refusal to submit to a breath test as part of a DWI investigation because the officer read her an outdated statutory warning. *State v. Woehst*, 175 S.W.3d 329 (Tex.App.—Houston [1st Dist.] 2004, no pet.). The trial court found the defendant showed a causal

connection between the State's violation of the statute (the improper warning), and the obtained evidence (the defendant's refusal). *Id.*

As in *Woehst,* the Petitioner in this case testified during the suppression hearing that Sergeant Boyett's illegal activity influenced his decision to confess. Because the illegal action by Sergeant Boyett played a role in Petitioner's decision to confess, then Petitioner has met the standard for causal connection established by *Woehst.*

## CONCLUSION

The Court of Appeals decision is in direct conflict with previous rulings by the Court of Criminal Appeals. In 2010, this Court ruled in *Wilson v. State* that evidence gathered by an officer who violated Section 37.09 of the Penal Code is inadmissible under Article 38.23. That was a case of first impression for this issue, and subsequent decisions by this Court in *Wehrenberg, Daugherty,* and *Roquemore* have followed and expanded upon that ruling.

The decision by the 10th Court of Appeals conflicts with a case out of the 1st Court of Appeals in Houston. *State v. Woehst* held a causal connection existed between the defendant's behavior and the officer's violation of the law. In *Woehst*, the officer acted in violation of the Transportation Code, and this violation rendered Woehst's refusal and confession involuntary and inadmissible. The trial court ruled a causal connection existed because Woehst testified the officer's misinformation caused her to refuse the breath test. Petitioner testified Sergeant Boyett's fabricated lineup and repeated statements about identification influenced his decision to confess. The officer in Petitioner's case violated a section of the Penal Code, and the denial of Petition's Motion to Suppress creates a conflict among the Courts of Appeals.

14

## PRAYER FOR RELIEF

*WHEREFOR, PREMISES CONSIDERED*, Petitioner respectfully prays that this Court grant discretionary review and, after full briefing on the merits, issue an opinion reversing the Court of Appeals' judgment and remanding the cause to the trial court for a new trial.

Respectfully submitted,

THE LAW OFFICE OF CRAIG GREENING, P.C.

BY:____/s/_Craig Greening_____
CRAIG A. GREENING
SBOT # 24025395
P.O. Box 152
Bryan, Texas 77806
Telephone: 979-779-2000
Facsimile: 979-779-2033
Attorney for Petitioner

## Certificate of Compliance

This computer-generated document has a word count of 2201 words, based upon the representation provided by the word-processing program used to create it.

## CERTIFICATE OF SERVICE

I hereby certify, by affixing my signature above, that a true and correct copy of the foregoing *Petition for Discretionary Review*, was sent via email to Rod Anderson, Brazos County Attorney's Office at 300 E. 26th St, Suite 1300, Bryan, TX, 77803, and sent via U.S. Mail to Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711, on this day, September 22, 2015.

_____/s/_Craig Greening_____
Craig A. Greening

**APPENDIX**


*Brooks v. State, No. 10-13-00409-CR*

*(Tex.App.—Waco, delivered July 23, 2015)*



# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00409-CR

**ADAM LAMAR BROOKS,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the County Court at Law No. 1
Brazos County, Texas
Trial Court No. 11-01734-CRM-CCL1

## MEMORANDUM OPINION

Adam Lamar Brooks was convicted of indecent exposure and sentenced to 120 days in jail with a $1,000 fine. *See* TEX. PENAL CODE ANN. § 21.08 (West 2011). He was also required to surrender his peace officer license. Because the trial court did not err in denying Brooks' motion to suppress, the trial court's judgment is affirmed.

**BACKGROUND**

Rebecca Bosquez saw a green SUV pull into a parking space near her at the Post Oak Mall. She saw the driver of the vehicle put up shades in the front window of the

SUV, expose his penis, and begin to masturbate. Because she did not have a phone, she asked another person in the parking lot to summon mall security. When the man in the SUV decided to leave, she followed the vehicle and saw the license plate, which read MRADAM. After another incident was reported at the same mall several months later involving the same vehicle, a College Station Police officer made contact with the driver of the SUV who was identified as Brooks. Brooks was a City of Bryan police officer. Brooks was later asked to go to the College Station Police Department where he spoke to Sgt. Craig Boyett. Although he admitted that he went to the Post Oak Mall regularly and that no one, even relatives, drove his green SUV, Brooks denied masturbating in the mall parking lot. Bosquez could not identify Brooks from a photo line-up; so Boyett decided to fabricate a photo line-up and have a department secretary indicate on the line-up that Brooks was identified, "100%." Boyett confronted Brooks with the fabricated line-up and told him numerous times that Brooks had been identified as the perpetrator. Brooks and Boyett discussed the help that would be available to Brooks, but then Brooks left the police station still denying that he committed the offense. About 15 minutes later, Boyett called Brooks, again mentioning that Brooks had been identified as the perpetrator. After a series of dropped calls and call-backs, Brooks confessed.

In his written motion to suppress, Brooks contended his oral statements were inadmissible pursuant to articles 38.22 and 38.23 of the Texas Code of Criminal

Procedure. TEX. CODE CRIM. PROC. ANN. arts. 38.22, 38.23 (West 2005).[1] The trial court

heard and denied Brooks' motion to suppress prior to trial. Then, on the day of trial,

Brooks moved to reopen his motion to suppress so that he could testify. The trial court,

a different judge than the judge who heard the initial motion to suppress, allowed

Brooks to reopen and heard Brooks' testimony. The court took the testimony under

advisement, and the issue of the admissibility of Brooks' statements was retried before

the jury. Each time testimony regarding Brooks' admission of the offense was

presented, Brooks objected and the trial court overruled each objection.

## MOTION TO SUPPRESS

When reviewing a trial court's ruling on a motion to suppress, we view the

evidence in the light most favorable to the trial court's ruling. *State v. Robinson*, 334

S.W.3d 776 (Tex. Crim. App. 2011); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App.

2006). If the trial court makes findings of fact, we determine whether the evidence

supports those findings. *Id.* We then review the trial court's legal rulings de novo

unless the findings are dispositive. *Id.*

A defendant who moves for suppression under Article 38.23[2] due to the violation

of a statute has the burden of producing evidence of a statutory violation. *State v.*

*Robinson*, 334 S.W.3d 776, 779 (Tex. Crim. App. 2011); *Pham v. State*, 175 S.W.3d 767, 772

---

[1] Brooks does not complain on appeal about the admission of statements, if any, in violation of article 38.22.

[2] TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005) ("No evidence obtained by an officer . . . in violation of . . . [the] laws of the State of Texas . . . shall be admitted in evidence against the accused on the trial of any criminal case.")

(Tex. Crim. App. 2005). Only when this burden is met does the State bear a burden to prove compliance. *Id.*

Further, a defendant must show a causal connection between a statutory violation and the obtaining of evidence before the evidence is rendered inadmissible. *Pham*, 175 S.W.3d at 772-773. If the defendant produces evidence that there is a causal connection, the State may either try to disprove this causal evidence, *i.e.* disproving that there is a causal connection in existence at all, or, the State may make an attenuation-of-taint argument. Evidence is not obtained in violation of a provision of law if there is no causal connection between the illegal conduct and the acquisition of the evidence. *Gonzales v. State*, 67 S.W.3d 910, 912 (Tex. Crim. App. 2002). Thus, the evidence would not be excluded pursuant to article 38.23.

Relying on the Court of Criminal Appeals' opinion in *Wilson v. State*, 311 S.W.3d 452 (Tex. Crim. App. 2010), Brooks argues that Boyett violated section 37.09 of the Texas Penal Code, "Tampering with or Fabricating Physical Evidence," by fabricating a photo line-up and telling Brooks numerous times that he had been positively identified as the person masturbating in the mall parking lot. The State argues that *Wilson* was wrongly decided and should be overturned. We are not in a position to overturn an opinion by the Court of Criminal Appeals. Nevertheless, assuming without deciding that fabricating a photo line-up violates section 37.09, we still must decide whether there was a causal connection between the line-up and Brooks' confession.

Brooks testified at the reopened suppression hearing that he confessed because

of Boyett's use of the fabricated photo line-up. This is at least some evidence of a causal connection between the violation of article 37.09 and obtaining Brooks' confession which shifts the burden to the State to disprove the connection. The State produced evidence that when Boyett called Brooks to tell him that a warrant had been issued for Brooks' arrest, Brooks told Boyett that Brooks did not confess because of Boyett's interviewing techniques but because the spirit of God touched Boyett to call Brooks after Brooks left the station at a time when Brooks had decided to tell Boyett the truth. In findings of fact and conclusions of law, the trial court found that Brooks' suppression hearing testimony was not credible and concluded there was no causal connection between the fabricated lineup and Brooks' confession. The record supports this finding and conclusion. Because the record supports the trial court's finding and conclusion regarding the lack of a causal connection, we need not discuss whether any "taint" of the confession was attenuated. Accordingly, the trial court did not err in overruling Brooks' motion to suppress by overruling Brooks' objections and admitting testimony regarding Brooks' confession in evidence.

Brooks' sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed July 23, 2015
Do not publish
[CR25]





# COURT OF APPEALS
## TENTH DISTRICT OF TEXAS

July 23, 2015

No. 10-13-00409-CR

ADAM LAMAR BROOKS

v.

THE STATE OF TEXAS

From the County Court at Law No. 1
Brazos County, Texas
Trial Court No. 11-01734-CRM-CCL1

---

## JUDGMENT

---

This Court has reviewed the briefs of the parties and the record in this proceeding as relevant to the issue raised and finds no reversible error is presented. Accordingly the trial court's judgment, signed on November 14, 2013, is affirmed.

A copy of this judgment will be certified by the Clerk of this Court and delivered to the trial court clerk for enforcement.

PER CURIAM

SHARRI ROESSLER, CLERK

By: _Nita Whitener_
Nita Whitener, Deputy Clerk



Print this page

# Envelope 7057852

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 09/23/2015 01:47:25 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Craig Greening |
| Firm Name | Law Office of Craig Greening |
| Filed By | Craig Greening |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.19 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $6.00 |
| Total Provider Tax Fees | $0.50 |
| Grand Total | $6.69 |

## Payment

| | |
|---|---|
| Account Name | The Law Office of Craig Greening |
| Transaction Amount | $6.69 |
| Transaction Response | |
| Transaction ID | 11547798 |
| Order # | 007057852-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | Adam Brooks |
| Comments | |
| Status | Rejected |

### Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

### Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 09/24/2015 03:44:45 | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for |

PM          discretionary review.

## Documents

| | | |
|---|---|---|
| *Attachments* | 9-23-15 Brooks Appendix PD-1095-15.pdf | [Original] |
| *Lead Document* | 9-23-15 Brooks PDR PD-1095-15.pdf | [Original] |